# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| NEURBY CELENIA DIAZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV414-272 |
| ) | CR413-150 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Neurby Diaz has filed a 28 U.S.C. § 2255 motion attacking her conviction and sentence for conspiring to transport women in interstate commerce for purposes of prostitution and for harboring illegal aliens. (Doc. 1.) She contends that her appointed attorney, Arvo Henifin, failed to properly consult with her about her appellate rights. In her initial § 2255 filing, she states:

> My lawyer he said he didn't care about my outcome he was going to get paid anyways. All this was told to me by my interpreter who in turn told me I was a [bitch] that sold women for sex. My lawyer [told] me since I did not have money not to even bother to appeal and to sign papers. I asked what they were for and [he] told [me] it was to get me probation.

(Doc. 1 at 5-6.) In a supplemental filing, she changes her story a bit, stating that after sentencing, Henifin told her "no[t] to attempt to appeal[,] he would not represent me and no one else would. He told me to sign papers that stated that he would not represent me and I did not plan to appeal." (Doc. 5 at 7-8.)

Henifin failed to file a Notice of Post-Conviction Consultation Certification ("Notice"), a form developed by the Court to remind counsel of the general duty to "consult" with the client about an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000); *see also United States v. Zhukov*, CR414-196, doc. 37 (S.D. Ga. Dec. 5, 2014) (Notice filed); *Eason v. United States*, 2014 WL 4384652 (S.D. Ga. Sept. 3, 2014); *Ortega v. United States*, 2014 WL 3012657 at * 1 n. 2 (S.D. Ga. July 2, 2014). The Notice requires that both the defendant and counsel execute the form, thus memorializing their consultation and the defendant's instructions regarding an appeal. *See Guyton v. United States*, 2013 WL 1808761 at * 2 n. 6 (S.D. Ga. Apr. 29, 2013).

A lawyer's failure to complete and file the Notice can necessitate costly, and unnecessary, evidentiary hearings to determine whether there is any merit to a defendant's claim that his appellate rights were not protected. *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011) ("It is not difficult to estimate that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national debt."), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011). The costs associated with conducting the hearing (appointment of counsel for defendant, transporting him from a distant prison, burdening the court's time and limited resources) are avoided where defense counsel simply files the Notice reflecting his client's wishes regarding an appeal. *See United States v. Henderson*, 2014 WL 4063930 at *2 (E.D. La. Aug. 13, 2014) (citing this Court's Notice form in granting a second-chance appeal).

Again, Diaz says that her attorney brushed aside her questions about an appeal without any meaningful consultation. Now the Court must deal with another "lost appeal" § 2255 claim.[1] *See Ortega*, 2014 WL

---

[1] A similar claim in *Eason* was neutralized by that Notice, sparing counsel there from being summoned to a "he said, she said" hearing:

3012657 at * 1 n. 32 (collecting 15 such cases); *see also Holland v. United States*, 2014 WL 5241531 at * 3 (S.D. Ga. Oct. 14, 2014) (directing counsel to attest what became of the missing Notice in the record); *United States v. Jones*, 2014 WL 2559980 at * 3 n. 4 (E.D. La. June 5, 2014) (granting lost-appeal relief due to attorney's failure to uphold his duty-to-confer obligations).

The Court **DIRECTS** Henifin to attest whether or not he consulted with client about an appeal and explain why he did not utilize and file the required Notice. His affidavit is due (and the government shall ensure that he files it) within 21 days of the date this Order is served. *Reed v. United States*, 2014 WL 1347455 at * 2 (S.D. Ga. Apr. 4, 2014), cited in *Henderson*, 2014 WL 4063930 at * 2. Upon Henifin's compliance, the Court will direct Diaz to declare, under penalty of perjury, whether she disagrees with Henifin' attestations. *See Mingo v. United States*, 2014 WL 4926278 at * 1 (S.D. Ga. Oct. 1, 2014) ("Within

---

Independent grounds support denial of Ground Four of Eason's § 2255 motion, where she faults her lawyer for failing to file the direct appeal that she claims, under penalty of perjury, to have expressly requested. Doc. 39 at 8. In fact, she expressly instructed him not to file a direct appeal. Doc. 41 at 4 ("Notice of Post–Conviction Consultation Certification," a form bearing Eason's signature, memorializing her informed decision not to take an appeal).

*Eason*, 2014 WL 4384652 at * 3.

4

21 days of the date this Order is served, Mingo must -- on the attached form to be returned -- affirm or rebut [his lawyer's] sworn assertions, then sign it under 28 U.S.C. § 1746. . . .").

Diaz, who signed her § 2255 motion under penalty of perjury, is reminded that § 2255 movants who lie to this Court may be prosecuted.[2] Finally, the Court will address her remaining claims in a later ruling.

**SO ORDERED** this 20th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).