# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| NEURBY CELENIA DIAZ, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV414-272 |
| UNITED STATES OF AMERICA, | ) ) | CR413-150 |
| Respondent. | ) ) | |

## ORDER

Neurby Diaz moves to vacate her conviction and sentence for conspiring to transport women in interstate commerce for purposes of prostitution and for harboring illegal aliens. Doc. 25;[1] 28 U.S.C. § 2255. She raises four grounds for relief, including a claim that her attorney, Arvo Henifin, failed to preserve her appellate rights. Doc. 25 at 4. Because there exists a material factual dispute regarding that claim, Diaz is entitled to an evidentiary hearing. It is therefore unnecessary to address at this time the other grounds asserted in her § 2255 motion.

Two years ago, Diaz was indicted for her role in a sex trafficking ring. *United States v. Mendez-Hernandez*, CR413-004, doc. 3. She

---

[1] All record cites are to the criminal docket in CR413-150 unless otherwise noted, and all page numbers cited are those created by the Court's electronic docketing software.

ultimately pled guilty on July 18, 2013 to conspiracy to transport a person in interstate commerce for purposes of prostitution, and harboring an illegal alien. Docs. 7, 20.

Henifin represented Diaz at her plea hearing and at sentencing. Docs. 7, 17. She did not file a direct appeal but timely filed the instant motion on December 16, 2014. Doc. 25. Her third ground for relief (in raw, unedited form):

> My lawyer he said he didn't care about my outcome he was going to be paid anyways all this was told to me by my interpreter who in turn told me I was a b***h that sold women for sex. My lawyer [told] me since I did not have money not to even bother to appeal and to sign papers[.] I asked what they were for and [he] told [me] it was to get my probation.

Doc. 25 at 5.

In a supporting brief, Diaz's story shifted a bit. There, she alleged that Henifin told her "no[t] to attempt to appeal[,] he would not represent me and no one else would. He told me to sign papers that stated that he would not represent me and I did not plan to appeal." Doc. 33 at 7-8. Because Henifin failed to file a Notice of Post-Conviction Consultation Certification ("Notice"),[2] the Court, in response to Diaz's

---

[2] The Notice is a form developed by the Court to (1) remind counsel of the general duty to "consult" with the client about an appeal by "advising the defendant about

2

appellate rights claim, directed him to attest to whether he consulted with her about an appeal. Doc. 40 at 4.

Henifin averred that:

> [i]mmediately after sentencing and without an interpreter, I spoke to Diaz about the benefits and consequences of filing an appeal. Diaz answered my questions appropriately and appeared to be able to understand me and to communicate with me without the assistance of an interpreter. I read Diaz the [Notice] and asked her which option (to appeal or not to appeal) she wanted to check. Diaz decided that she did not want to appeal her sentence and the option not to file an appeal was checked.

Doc. 42 at 2-3. Per the Court's instructions, Diaz responded to Henifin's version of events:

> I asked Mr. Hen[i]fin about an appeal. He told me not to worry about an appeal and with such appeal I could face more time. He then proceeded to pass a piece of paper and pen through the door telling me to sign the paper. He did not read the paper to me. I did not comprehend everything that was being said, the little that I did understand was that the paper was not to appeal. He told me not to appeal; that I would not get a court appointed attorney and that his job was done; that I would have to hire an attorney and I did not have the means to do so.

Doc. 44 at 1. According to Diaz, that amounts to ineffective assistance of counsel. Doc. 25 at 5.

---

the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes," and (2) memorialize that consultation. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000); *see also United States v. Zhukov*, CR414-196, doe. 37 (S.D. Ga. Dec. 5, 2014) (Notice filed); *Eason v. United States*, 2014 WL 4384652 (S.D. Ga. Sept. 3, 2014); *Ortega v. United States*, 2014 WL 3012657 at * 1 n. 2 (S.D. Ga. July 2, 2014).

3

Diaz never specifically instructed Henifin to file an appeal on her behalf.[3] But a complete failure to appeal is not the only appellate rights claim available. Attorneys also may commit the ineffective assistance sin by failing to *consult* regarding the advantages and disadvantages of an appeal.[4]

At a minimum, the Court faces a factual dispute over whether Henifin properly consulted with Diaz regarding her appellate rights. Henifin says he did. Doc. 42. Diaz, on the other hand, says that he threatened to walk away from her case (something he could not do) and forced her to sign the Notice stating that she elected not to appeal. Doc. 44 at 1. That's enough to warrant an evidentiary hearing. *See Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015) (entitlement to an

---

[3] "[A]n attorney's failure to file a requested notice of appeal is per se ineffective assistance of counsel." *Roe v. Flores-Ortega*, 528 U.S. 470, 483-84 (2000); *Gaston v. United States*, 237 F. App'x 495, 495 (11th Cir. 2007). And a defendant claiming ineffective assistance on that score need not demonstrate an ability to raise meritorious issues on appeal. *Roe*, 528 U.S. at 477–78. Diaz, in response to Henifin specifically denying ever being asked to file an appeal (doc. 42 at 2), says only that she "asked about an appeal," not that she instructed Henifin to file one. Doc. 44 at 1.

[4] *Roe* provides the analytical framework for this claim, too. Where a defendant does not clearly express her wishes regarding an appeal, courts must ask three separate questions: "(1) did counsel properly consult with his client about an appeal; (2) if not, did counsel have a duty to consult under the particular circumstances of the case; and (3) if counsel had, but failed to honor, a duty to consult, did the defendant suffer any prejudice as a result of counsel's deficient performance." *Reed v. United States*, 2014 WL 2465563 at * 1 (S.D. Ga. June 2, 2014) (citing *Roe*, 528 U.S. at 478-84), *adopted*, 2014 WL 2930619.

evidentiary hearing requires "credible allegation[s]" of attorney ineffective assistance).

Hence, the Deputy Clerk shall schedule an evidentiary hearing on Neurby Diaz's "lost-appeal" claim and select counsel to represent her. *See* Rule 8(c) of the Rules Governing Section 2255 Cases.[5] The Clerk shall also ensure that a translator be available at the hearing. The Court will reach Diaz's remaining § 2255 grounds for relief in a post-hearing ruling.

**SO ORDERED** this 2nd day of December, 2015.

```
                                    /s/ G.R. Smith
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA
```

---

[5] This is required where the movant qualifies for appointment of counsel under 18 U.S.C. § 3006A, which Diaz does (she qualified at the inception of this case). *See Nguyen v. United States*, 487 F. App'x 484, 4845 (11th Cir. 2012) (directing district court to appoint counsel for § 2255 movant, then resolve ineffective-assistance claim during required evidentiary hearing).