# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

NEURBY CELENIA DIAZ,     \*
            \*
   Movant,     \*
            \*
  v.         \*   CV 414-272
            \*   CR 413-150
UNITED STATES OF AMERICA,   \*
            \*
   Respondent.    \*

## ORDER

Diaz ("Movant") moves under 28 U.S.C. § 2255 to vacate her sentence for conspiring to transport women in interstate commerce for purposes of prostitution and for harboring illegal aliens. Dkt. No. 25.[1] She contends her attorney failed to properly consult with her about her appellate rights. After a careful de novo review of the record in this case and the Magistrate Judge's Report and Recommendation, the Court **VACATES** Diaz's sentence and **ORDERS** that she be resentenced.

### Background

Two years ago, the Government indicted Diaz for her role in a sex trafficking ring. United States v. Mendez-Hernandez, CR413-004, dkt. no. 3 (S.D. Ga. Jan. 11, 2013). She ultimately

---

[1] All record cites are to the criminal docket in CR413-150 unless otherwise noted, and all page numbers cited are those created by the Court's electronic docketing software.

pled guilty on July 18, 2013 to conspiracy to transport a person in interstate commerce for purposes of prostitution and harboring an illegal alien. Dkt. No. 7; Dkt. No. 20, p. 1. In doing so, she waived her direct appeal and collateral review rights except in two narrow circumstances, one of which was the imposition of a sentence above the range set forth in the U.S. Sentencing Guidelines. Dkt. No. 20, p. 7.

Arvo Henifin represented Diaz throughout her case—including during sentencing. In exchange for dropping her objections to the presentence report, the Government recommended that the district judge impose a sentence at the bottom end of the Guidelines range, which was 57-71 months. Dkt. No. 29, p. 18:19-20, 19:18-22. Despite the Government's recommendation, the sentencing judge upwardly departed from the advisory Guidelines range and sentenced Diaz to 72 months imprisonment. See Dkt. Nos. 7, 17, 21. Diaz never directly appealed, but she timely filed the instant motion on December 16, 2014. Dkt. No. 25.

Henifin failed to timely file a Notice of Post-Conviction Consultation Certification, so the Court, in response to Diaz's appellate rights claim, directed him to attest to whether he consulted with her about an appeal. Dkt. No. 40, p. 4. He averred that he had done so immediately after sentencing, though without an interpreter present. Dkt. No. 42, ¶ 8. Henifin also

2

belatedly filed the Notice, which indicated that Diaz, after consultation, declined to appeal. Id. ¶¶ 9-10; Dkt. No. 41. Diaz then responded to Henifin's version of events. Dkt. No. 44. The Court held an evidentiary hearing on January 28, 2016. Dkt. No. 57. At the evidentiary hearing, represented by new counsel, Diaz argued that (1) Henifin's failure to have an interpreter present immediately after sentencing when he discussed an appeal with Diaz rendered her decision to forgo one unknowing and involuntary, and (2) he gave incorrect advice, and thus provided constitutionally ineffective assistance, by telling her that she had no good grounds on which to appeal. See Dkt. No. 61, p. 4. She then reasoned that she suffered prejudice as a result of that advice because her above-Guidelines sentence created a "reasonable probability that the court of appeals might have had a problem" with her term of imprisonment. See id., p. 5.

A failure to properly consult with a defendant about an appeal can constitute ineffective assistance. "[W]hen there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that th[e] particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing," an attorney has a duty to consult. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

3

If an attorney breaches his duty to consult (either by not consulting at all or by failing to properly consult), the defendant must still show prejudice from that breach. Id. at 481. That requires "demonstrate[ing] that there is a reasonable probability that, but for counsel's deficient failure to consult with h[er] about an appeal, [s]he would have timely appealed." Id. at 484. A reasonable probability, in turn, "is a probability sufficient to undermine confidence in the outcome." United States v. Bejarano, 751 F.3d 280, 285 (5th Cir. 2014) (quoting Cullen v. Pinhlster, 563 U.S. 170, 190 (2011)).

"[W]hether a given defendant has made the requisite [prejudice] showing will turn on the facts of a particular case." Roe, 528 U.S. at 485. Although the performance and prejudice prongs often overlap in duty to consult claims – "both may be satisfied if the defendant shows nonfrivolous grounds for appeal," id. – "they are not in all cases coextensive." Id. at 486. If, for example, a defendant shows deficient performance through evidence that she "sufficiently demonstrated to counsel [her] interest in an appeal," she still needs something more to establish that "[s]he would have instructed [her] counsel to file an appeal" had he properly consulted about the prospect. Id.

⊃ 72A
.ev. 8/82)

**DISCUSSION**

The Magistrate Judge's Report and Recommendation recommends denying Movant's § 2255 petition. Dkt. No. 61, p. 15. The Magistrate found, among other things, that Henifin did not improperly consult with Diaz post sentencing by discussing her appellate rights without a translator, and, even if his performance was deficient, Diaz had not shown that she "would have instructed [Henifin] to file an appeal." Id., pp. 7, 15. The Magistrate Judge further found Diaz had not shown nonfrivolous grounds for appeal, specifically, that there was not a reasonable probability that the court of appeals might have found Diaz's above-Guidelines sentence substantively unreasonable or that the sentencing judge failed to sufficiently articulate his reasons for sentencing her so harshly. Id., pp. 9-10. After a de novo review of the record, the Court finds that a different analysis and outcome is appropriate.

One of the factors a court may consider when determining whether an attorney has provided effective assistance when consulting with his client about her appellate rights is whether the court has also explained those rights to the defendant. Said another way, when conducting the Strickland prejudice analysis, even if a defendant's counsel's performance was deficient, the defendant might not be able to meet the Strickland prejudice requirement if the record shows defendant

5

was informed of her appeal rights by the court, for example, during the plea hearing and/or again at sentencing.  See, e.g., Estrella-Garcia v. United States, No. C07-4030-MWB, 2009 WL 2751004 (N.D. Iowa Aug. 26, 2009) (holding that, even if counsel's performance was deficient, the defendant was not prejudiced by any failure to notify on counsel's part because defendant was advised of his rights by the court, with the help of an interpretèr).  Indeed, Fed. R. Crim. P. 32(j)(1)(B) requires the sentencing Court, regardless of a defendant's plea, to "advise the defendant of any right to appeal the sentence."  As discussed below, the sentencing court did not do so in this case.

A defendant's right to appeal her sentence is governed by 18 U.S.C. § 3742(a), which provides:

(a) Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) **is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than**

**the maximum established in the guideline range,** or

includes a more limiting condition of probation or

supervised release under section 3563(b)(6) or (b)(11)

than the maximum established in the guideline range;

or

(4) was imposed for an offense for which there is no

sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742 (emphasis added). Though Diaz pled guilty

pursuant to a plea agreement and thereby waived some appeal

rights, she did not waive her right to appeal the imposition of

a sentence above the range recommended by the U.S. Sentencing

Guidelines. Dkt. No. 7; Dkt. No. 20, p. 7.

At the sentencing hearing, the Court sentenced Diaz to

imprisonment with the Bureau of Prisons for a term of 72 months,

consisting of a term of 60 months' imprisonment as to Count 1

and 72 months imprisonment as to Count 2, to be served

concurrently. Dkt. No. 29, p. 21:2-10, 24:4. The Court

acknowledged that, "[w]ith a total offense level of 25, [and] a

criminal history category of I," the Sentencing Guidelines'

"advisory range would be 57 to 71 months." Id. at p. 11:8-10.

The 72-month sentence was one-month over the Sentencing

Guidelines recommendation, and, thus, an appealable sentence.

Pursuant to Fed. R. Crim. P. 32(j)(1)(B), the sentencing

court was required to advise Diaz of her "right to appeal the

7

sentence." The following is the sentencing court's entire explanation of Diaz's appeal rights, given at the end of sentencing hearing.

> THE COURT: The defendant has waived all rights conferred by 18 U.S.C. 3742 to appeal the sentence. She's waived the right to appeal the sentence on any other ground and waived the right to attack the sentence in any post-conviction proceeding.
>
> Are there any objections to the Court's finding of fact, conclusion of law or the manner in which the sentence was pronounced, Ms. Groover [attorney for the Government]?
>
> MS. GROOVER: No, sir.
>
> MR. HENIFIN: No, sir.
>
> THE COURT: Thank you, Mr. Henifin.
>
> MS. JACOBS [probation officer]: Your Honor, since the Court has imposed an upward variance, I believe that Ms. Diaz may have some appeal rights.
>
> THE COURT: Thank you. Call the next case.
>
> (Proceedings concluded at 10:20 a.m.)

Dkt. No. 29, p. 24:10-24. The sentencing court did not properly or accurately inform Diaz of her rights to appeal. Furthermore, neither Henifin nor the attorney for the Government corrected the sentencing court's error when asked, on the record, whether they had any objections to the court's pronouncement. See id., p. 24:14-18. Rather, the only person who made an effort to correct the court's error was Ms. Jacobs, the probation officer. Id., p. 24:20-22. Still, the sentencing court did not address

8

Ms. Jacob's concern on the record but instead concluded the hearing. Id., p. 24:23.

In conjunction with this Court's consideration of Diaz's motion to vacate her sentence based upon her attorney's alleged failure to consult regarding her appeal rights, the Court must determine what effect the sentencing court's failure to advise Diaz of her appeal rights has on her motion and sentence.

> The Courts of Appeal that have considered a criminal defendant's remedy when he has not properly been advised of his right to appeal [by the court] have split as to the appropriate remedy. The First, Third, Sixth, and Seventh Circuits have adopted a per se rule "that the failure to advise a defendant of the right to appeal requires vacation of the sentence and remand to the district court for resentencing and notice as to the right of appeal." *United States v. Butler*, 938 F.2d 702, 703 (6th Cir.1991); *accord United States v. Deans*, 436 F.2d 596, 599 n. 3 (3d Cir.), *cert. denied*, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971); *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir.1970); *Nance v. United States*, 422 F.2d 590, 592 (7th Cir.1970); *see also United States v. Padilla*, 1990 WL 33761 at *1, 1990 U.S.Dist. LEXIS 2987 at 3 (S.D.N.Y. March 20, 1990) (Sprizzo, J.) (vacating sentence and ordering resentencing based on failure to advise of right to appeal, aff'd, 956 F.2d 1159 (2d Cir.1992). In contrast, the Fourth, Fifth, and Eighth Circuits apply a harmless error analysis to situations in which the district court has not advised a criminal defendant of his right to appeal. *See United States v. Garcia-Flores*, 906 F.2d 147, 148-49 (5th Cir.1990) (per curiam); *United States v. Drummond*, 903 F.2d 1171, 1173 (8th Cir.1990), *cert. denied*, 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991). The Second Circuit has not addressed this issue directly but in [*United States v.*] *Ferraro*, [992 F.2d 10 (2d Cir. 1993),] suggested that, if presented with the appropriate case, it would adopt the strict compliance standard

AO 72A
(Rev. 8/82)

adopted by the First, Third, Sixth, and Seventh Circuits.

Hernandez v. United States, 839 F. Supp. 140, 147 (E.D.N.Y. 1993). This Court is bound to follow the Fifth Circuit in Garcia-Flores, 906 F.2d at 148-49, which applies the harmless error doctrine. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit). Garcia-Flores provides that a defendant need not be informed "in open court" of his right to appeal but must "merely be 'apprised of his right to appeal in substantial compliance with the rule.'" 906 F.2d at 149 (citing Godin v. United States, 495 F.2d 560, 561 (5th Cir.), cert denied, 419 U.S. 995 (1974)). Garcia-Flores also provides that a court's failure to apprise a defendant of his right to appeal was harmless error if the defendant was notified of his rights by his attorney. Id. (citing Chapman v. United States, 469 F.2d 634 (5th Cir. 1972)).

The Court finds that the sentencing court did not apprise Diaz of her right to appeal in "substantial compliance" with Fed. R. Crim. P. 32(j)(1)(B). To the contrary, the sentencing court told Diaz she did not have any appeal rights and, when corrected by Ms. Jacobs at the hearing, failed to correct itself. The Court is left to determine whether the sentencing

10

court's misstep should be deemed harmless as a result of Mr. Henifin's efforts to inform Diaz of her appeal rights. As noted above, Henifin did not correct the sentencing court's inaccurate summary of Diaz's appeal rights during the sentencing hearing. The Court then must analyze what Henifin did outside of the courtroom to inform Diaz of her appeal rights.

A key issue discussed in the parties' briefs and the Magistrate Judge's Report and Recommendation is the absence of an interpreter when Mr. Henifin spoke with Diaz after the sentencing hearing to determine whether Diaz wanted to appeal. Throughout the record, Mr. Henifin stated that while Diaz can speak English for typical day-to-day topics, she requires an interpreter for more complicated discussions. For example, at the evidentiary hearing on the pending motion to vacate, Henifin testified that Diaz speaks English, but he "would not attempt to explain something legally sophisticated like the concept of conspiracy or all the elements of a crime as indicted." See also Dkt. No. 35, p. 3-4 (Henifin stating that Diaz "does speak enough English for day-to-day life in the United States . . . however, for anything complicated, such as the legal ramifications of what she's doing, she's much more comfortable in Spanish"); see also Dkt. No. 29, p. 9:1-2 (Diaz testifying that she cannot read English).

11

After reviewing the record and various hearing transcripts, the Court does not find that the sentencing court's failure to properly advise Diaz of her appeal rights was harmless. Mr. Henifin testified during the evidentiary hearing that he discussed the Notice of Post-Conviction Consultation Certification form and Diaz's potential appeal rights with her before the sentencing hearing with the aid of an interpreter. He also testified that he explained to Diaz, before sentencing, that she had no appeal rights as long as she was sentenced within guidelines. However, that discussion occurred before the sentencing court misinformed Diaz that she had no appeal rights. Moreover, Henifin's testimony does not indicate that he or Diaz ever seriously contemplated that she would be given a sentence above the guidelines. At the very least, the Court can see how Diaz would be confused as to what, if any, appeal rights remained after sentencing.

Henifin also testified that, after the sentencing hearing, he informed Diaz that she could appeal because her sentence was above guidelines. Mr. Henifin's testimony does not reflect that Mr. Henifin addressed the sentencing court's misinformation. The parties do not dispute that an interpreter was not present for this meeting, and the Court is not convinced that this discussion was not sufficiently sophisticated or complicated to warrant one. As the Magistrate Judge noted in the Report and

12

Recommendation when recommending a Certificate of Appealability be issued, "the risks and benefits of appealing her sentence – particularly given the interaction between the Guidelines, her plea agreement, and what could happen on remand – could qualify as complex enough to warrant a translator." Dkt. No. 61, p. 15 n.11. Thus, the Court is not convinced that Mr. Henifin's explanation of Diaz's appeal rights—without an interpreter present—is sufficient to undo the confusion undoubtedly caused by the sentencing court's misinformation regarding Diaz's appeal rights. Moreover, the Court finds there is a reasonable probability that, but for the sentencing court's misinformation in combination with Henifin's failure to consult with Diaz after sentencing with the aid of an interpreter, Diaz would have timely appealed. Roe, 528 U.S. at 484. As the Magistrate Judge noted in the Report and Recommendation, Diaz's sentence was somewhat surprising because both Henifin and the Government recommended to the sentencing court a within-Guidelines, and thus unappealable, sentence; an appeal would have cost Diaz nothing financially; and it was reasonably likely that she would have been resentenced at the top of the sentencing range and not above it. See Dkt. No. 61, p. 15-16 n.11.

Accordingly, the sentencing court's failure to advise Diaz of her appeal rights was not harmless. Garcia-Flores, 906 F.2d at 148-49. The Court therefore finds it appropriate under these

13

limited circumstances to vacate Diaz's sentence and order that she be resentenced.

## CONCLUSION

For the reasons set forth above, Plaintiff's § 2255 motion, dkt. no. 25, is **GRANTED**, and her sentence **VACATED**. Accordingly, the government is directed to produce Movant before this Court for resentencing on August 1, 2016.

**SO ORDERED**, this 14th day of June, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)